## HERSHON v. ABELSON.

### No. 114.

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1934.

Harry Tabershaw, of New York City, for defendant-appellant.

Finkelstein & Jacobs, of New York City (Marcy Finkelstein, of New York City, of counsel), for Jacob Hershon, trustee in bankruptcy.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff is the trustee in bankruptcy of the Sterling Bedding Shops, Inc. The business of the bankrupt was largely conducted by Oscar Abelson, its vice president. The defendant is his mother. The bankrupt borrowed $3,000 of the defendant and gave her its notes which she indorsed and discounted with a relative named Ponemone. After the bankrupt became insolvent and within four months of the filing of the petition in bankruptcy, it transferred enough of its accounts receivable to Ponemone to pay the notes except a balance of $149.00 which was paid him by check. The books of the bankrupt showed the loan from the defendant and the transfer of the accounts receivable to her to cancel it, but the testimony that the payment was made directly to Ponemone instead of to the defendant was otherwise uncontradicted. Likewise the evidence was uncontradicted that the defendant did not know that the notes were paid or anything about the financial troubles of the bankrupt. Whenever she asked her son anything about the business he told her everything was all right.

The evidence was probably sufficient to warrant the jury in reaching the conclusion that the bankrupt was insolvent when the notes were paid but, in order to recover the payment from the defendant as the person to be benefited by the preference, it was necessary to show also that she had reason to believe that the payment would effect a preference. Bankruptcy Act, § 60b (11 USCA § 96 (b); W. S. Peck & Co. v. Whitmer (C. C. A.) 231 F. 893; Grant v. First National Bank, 97 U. S. 80, 24 L. Ed. 971; In re Salmon (C. C. A.) 249 F. 300.

There was no evidence of this essential fact.

Judgment reversed.